UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DALE GREEN** | **CIVIL ACTION NO. 13-584-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

CONSOLIDATED WITH

| | |
|---|---|
| **DALE GREEN** | **CIVIL ACTION NO. 13-618-P** |
| **VERSUS** | **JUDGE WALTER** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court are consolidated petitions for writ of habeas corpus filed by pro se petitioner Dale Green ("Petitioner"), pursuant to 28 U.S.C. §2254. Green, who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, challenges his state court conviction, habitual offender adjudication, and sentence in the Louisiana First Judicial District Court, Parish of Caddo.

Petitioner was ordered on October 10, 2014 to file, within 30 days of the service

of the order, documentary proof that he exhausted his available state court remedies and a response demonstrating his petition is timely. To date, Petitioner has not responded to the memorandum order.

Accordingly;

**IT IS RECOMMENDED** that these consolidated petitions be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 6th day of January 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge